IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **JOHN DOE** | &#124; |
| | &#124; |
| **Plaintiff,** | &#124; |
| | &#124; CIVIL ACTION NO. 17-cv-2500 |
| v. | &#124; |
| | &#124; |
| **TEXAS A&M UNIVERSITY,** | &#124; |
| **DAYNA FORD**, as agent for Texas A&M University, **ROBIN SHUGLIE**, as agent for Texas A&M University, **GLENN STARNES**, as agent for Texas A&M University, **MIKE DULKE**, as agent for Texas A&M University, **KYLE MCCRACKEN**, as agent for Texas A&M University, **TERRI ALLISON**, as agent for Texas A&M University, **JOSHUA ISRINGHAUSEN**, as agent for Texas A&M University, and **DALE NORRIS**, as agent for Texas A&M University, and **ANNE REBER**, as Agent for Texas A&M University, | &#124; |
| | &#124; |
| **Defendants.** | &#124; |

## MOTION TO PROCEED UNDER PSEUDONYM

Plaintiff John Doe, by his attorneys Nesenoff & Miltenberg, LLP and Hunt & Tuegel, PLLC, move this Court for an order allowing him to proceed in the above-captioned matter under a pseudonym. Plaintiff makes this request in order to protect himself from harassment, physical harm, ridicule and personal embarrassment and further states as follows:

INTRODCUTION

Plaintiff has brought this case against Defendants Texas A&M University ("TAMU" or the "University"), Dayna Ford, Robin Shuglie, Glenn Starnes, Mike Dulke, Kyle McCracken, Terri Allison, Joshua Isringhausen, Dale Norris, and Anne Reber (collectively, "Defendants"),

1

alleging that Defendants treated Plaintiff in a manner inconsistent with TAMU's policies and procedures, stripping him of his rights to a fair and just investigation and adjudication process. After receiving a report from a female student, concerning sexual contact she had with John Doe approximately one year earlier, Defendants failed to conduct an adequate, reliable, and impartial investigation and hearing. Upon being notified of John Doe's hospitalization and subsequent admittance to a mental health treatment facility, the Defendants nevertheless proceeded with the investigation and adjudication process without Plaintiff's participation altogether, depriving Plaintiff of his right to defend himself against false allegations. Defendants reached the erroneous conclusion that Plaintiff had engaged in misconduct, despite a lack of evidence or witness testimony to support Jane Doe's claims. Plaintiff was imposed severe sanctions including suspension from the University and dismissal from the Corps of Cadet.

Defendants indicated a bias towards male students when it investigated and adjudicated allegations against Plaintiff in a manner and degree materially different than their investigation and adjudications of allegations made against Jane Doe by a male student. While Plaintiff was removed from campus housing and his extracurricular activities during the course of the disciplinary process, Jane Doe was able to remain in her dormitory and activities while claims against her were being investigated and adjudicated. While Plaintiff was found "Responsible" of all four charges against him, without a basis, rationale, or evidentiary support, Jane Doe's charges was found to share responsibility 50/50 with her accuser, and received no sanctions.

In erroneously deciding that Plaintiff engaged in sexual misconduct in violation of TAMU's Title IX policy, Defendants relied on prejudicial assumptions and failed to apply the requisite preponderance of evidence standard required by both the University's own policies and Title IX. At all times, Plaintiff was deemed guilty. Consequently, Plaintiff was suspended for

over one full year and dismissed from the University's Corps of Cadet. This extreme and severe sanction was not warranted in light of the lack of evidence.

In his Complaint, Plaintiff has asserted claims under Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681(a), under the Fourteenth Amendment, 42 U.S.C. § 1983, and under state law, including claims for breach of contract, negligent infliction of emotional distress, and under estoppel and reliance.

Plaintiff now seeks an Order of this Court permitting him to proceed anonymously in this proceeding, using a pseudonym. Given the nature of the claims presented and the potential for public and media attention on such matters, Plaintiff fears threats and reprisals from the public as a result of his lawsuit. Plaintiff believes that his need for anonymity outweighs any prejudice to the public's interest in knowing his legal name.

## FIFTH CIRCUIT LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a party's pleadings should identify the parties to a suit. F.R.C.P. 10(a). Nevertheless, the Fifth Circuit has allowed parties to proceed under pseudonym in certain situations. *See Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979). There is no hard and fast rule for determining when a party may be allowed to proceed under a pseudonym in the Fifth Circuit. Rather, courts "must decide whether the considerations calling for the maintenance of a party's privacy outweigh the customary and constitutionally-based presumption of openness in judicial proceedings." *See Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). When evaluating a motion to proceed under a pseudonym, courts should look to: "(1) whether the plaintiff seeking anonymity is suing to challenge governmental activity; (2) whether prosecution of the suit compels the plaintiff to disclose information of the utmost intimacy; and (3) whether the plaintiff

3

is compelled to admit his intention to engage in illegal conduct, thereby risking criminal prosecution." *Id*.at 185. In addition to these factors, the Fifth Circuit also considers the "relevant facts and circumstances of a particular case," including issues such as whether a plaintiff may face a hostile public reaction, and whether the decision to proceed anonymously will have a prejudicial impact on the defending parties. *Rose v. Beaumont Indep. Sch. Dist*., 240 F.R.D. 264, 266 (E.D. Tex. 2007).

## APPLICATION OF THESE STANDARDS IN TITLE IX CASES

In Title IX cases, federal courts have generally permitted plaintiffs to use pseudonyms, particularly in cases involving alleged sexual assaults. *See Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014) (citing cases and finding that "[c]ourts generally allow a plaintiff to litigate under a pseudonym in cases containing allegations of sexual assault because they concern highly sensitive and personal subjects."). For example, in *Roe v. St. Louis Univ*., No. 08–cv–1474–JCH, 2009 WL 910738, at *5 (E.D. Mo. Apr. 2, 2009), the court permitted the use of a pseudonym in a Title IX lawsuit because rape is a "personal matter of the utmost intimacy." *See also Doe v. Blue Cross & Blue Shield*, 112 F.3d 869, 872 (7th Cir. 1997) ("fictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties...."); *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004) (when denying the right to proceed anonymously, court noted that plaintiff was not, among other things, a minor or rape victim or likely target of retaliation). Courts have also upheld the anonymity of plaintiffs who are the alleged perpetrators suing a university following disposition of a charges of sexual assault. *See Doe v. Univ. of Montana*, No. CV 12-77-M-DLC, 2012 WL 2416481, at *5 (D. Mont. June 26, 2012).

Here, application of the relevant standards likewise justifies the use of pseudonyms by the Plaintiff in this case arising from a claim of alleged sexual assault.

### PLAINTIFF SHOULD BE PERMITTED TO USE A PSEUDONYM IN THIS SENSITIVE AND HIGHLY VOLATILE MATTER

**A.     Plaintiff's Pursuit of This Lawsuit Involves Highly Intimate Information**

Plaintiff has presented claims regarding a highly personal and intimate matter – his prior sexual experiences with a fellow student, allegedly false claims of sexual assault, as well as his hospitalization for a mental health concern. This case will likely involve pleadings that describe, in some detail, Plaintiff's sexual experiences with Jane Doe, his prior mental health, his medical treatment by mental health professionals and treatment centers, and the effect the claims and TAMU's response has had on his life, including his academic performance. As a result, pleadings will address not only sexual and medical history, but the impact the situation has had on his studies and educational information that is otherwise subject to protection under federal privacy law,[1] along with his struggles to recover both from the false accusations and TAMU's response.

Given that Plaintiff has been falsely accused of a heinous crime, and the constant presence of social media and often internet bullying, Plaintiff's concerns about the potential impact on him if his identity becomes public is real and understandable. As noted above, this court and others have repeatedly held that allegations of sexual assault and rape warrant anonymity, particularly in the Title IX context. *See Doe v. El Paso County Hosp*. Dist, 2015 WL 1507840 at *4 (Apr. 1, 2015, W.D. Tex) (collecting cases); see also *Cabrera*, 307 F.R.D. at 5 (collecting cases). As testimony at trial may include potential descriptions of sexual acts, nudity, and other graphic details, such information can constitution matters of "utmost intimacy." *Id.*

---

[1] Plaintiff's private educational records are subject to the provisions of the Family Educational Rights and Privacy Act, commonly referred to as "FERPA," 20 U.S.C. § 1232g.

5

Moreover, where a victim alleges continued mental and emotional suffering, as Plaintiff does here, such circumstances often result in the victim being subjected to not only the disclosure of personal information, but also "outright humiliation." *Id*. Like in *El Paso County*, Plaintiff is not a widely known figure in the media and the details of the allegations against him are not know to those around him. He also continues to battle with the psychological harm of the entire experience, from the false allegations, to the University's treatment of the allegations, and public disclosure of the intimate details of his sexual past and mental health will only further such harm. *Id*.at 5. Thus, even though his case does not involve government officials or illicit conduct, "the alleged intrusion of Plaintiff's privacy. . . becomes no less traumatizing . . . ." *Id*.

Because the details of sexual conduct and mental health treatment are so personal, and the public dissemination of such details so harmful, courts have also held that public policy interests in encouraging sexual assault victims to disclose their crimes weighs in favor of considering sexual assault to be a matter of utmost intimacy. If victims can expect that the details of their sexual encounters and highly personal experiences will be shared publicly with the world they may be deterred from reporting, or pursuing lawsuits, in the first instance. *See Cabrera*, 307 F.R.D. at 6.

Similarly, those accused of sexual assault, particularly in the arena of Title IX claims, face the same or similar issues in publicizing their true identities. Publication of details of the utmost intimacy, including allegedly false claims of sexual assault, would cause a furtherance of the harm that the litigant is seeking to avoid or overturn by filing the federal action. Furthermore, disclosure of the parties' names would undermine the university disciplinary process. As explained by the court in *Univ. of Montana*, a protective order was justified because the federal case arose from a closed university disciplinary proceeding in which all parties were entitled to

confidentiality. In fact, numerous courts around the country have permitted plaintiffs alleging similar claims against colleges and universities to proceed anonymously. *See e.g. John Doe v. Columbia University and Trustees of Columbia University,* 2014 WL 6471520 (S.D.N.Y. 2014); *Doe v. Washington & Lee Univ.,* NO. 14-CV-00052, 2015 WL 4647996 (W.D. Va. Aug. 5, 2015); *Doe v. Univ. of the South*, 687 F. Supp. 2d 744 (E.D. Tenn. 2009); *Doe v. Univ. of Massachusetts-Amherst,* 2015 WL 4306521 (D. Mass. 2015); *Doe v. Univ. of S. Florida Bd. of Trustees,* 2015 WL 3453753 (M.D. Fla. 2015); *Doe v. Salisbury Univ.,* 2015 WL 3478134 (D. Md. 2015); *Doe v. Univ. of Montana*, 2012 WL 2416481 (D. Mont. 2012)("With respect to the individual students involved in the Student Conduct Code proceeding, as well as the witnesses and University Court members involved in that proceeding, the Court finds that the interests of those individuals in avoiding undue embarrassment, harassment, and disclosure of sensitive private information outweigh the public's need to know their names," *citing to Does I–XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1068–69 (9th Cir.2000)). Similarly, Plaintiff here should be permitted to proceed anonymously due to the highly sensitive and personal nature associated with being falsely accused of sexual misconduct.

      **B.**    **Disclosure of Plaintiff's identity would result in significant harm to Plaintiff.**

In addition, Plaintiff should be permitted to proceed anonymously in this matter as the revelation of his identify would result in significant harm to Plaintiff, the exact type which he seeks to remedy by the commencement of this lawsuit. *See Doe v. Colgate Univ.,* No. 5:15-CV-1069 (LEK/DEP), 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016)("[s]hould Plaintiff prevail in providing that the charges against him were unfounded and the procedures Defendants followed in their investigation were unfair, forcing Plaintiff to reveal his identity would further exacerbate the emotional and reputational injuries he alleges.") Accordingly, forcing Plaintiff to

reveal his identity would not further any aspect of the litigation and "instead poses a risk that Plaintiff would be subject to unnecessary ridicule and attention." *Doe v. Colgate Univ.,* 2016 WL 1448829, at *3.

Thus, even if Plaintiff were ultimately exonerated and his records expunged, the disclosure of his name would nonetheless significantly hinder his ability to pursue future career and educational endeavors, including graduate studies, as any entity or employer would undoubtedly have access to the records related to this matter and discover that Plaintiff was falsely accused of sexual misconduct. It is widely recognized that the likelihood of acceptance as a transfer student to an elite undergraduate program, or to a top tier graduate program, is significantly reduced in light of the high number of applicants and stiff competition, let alone the social stigma associated with being found responsible and sanctioned for "sexual misconduct," regardless of whether the decision is ultimately overturned as a result of litigation. Based on the foregoing, Plaintiff should be permitted to proceed anonymously as requiring him to reveal his identity would result in significant harm to Plaintiff, including the exact damages he seeks to remedy in this matter; namely, physical, psychological, emotional and reputational damages, economic injuries and the loss of educational and career opportunities.

### C. **Defendants will not be prejudiced by allowing Plaintiff to proceed pseudonymously.**

Further, Plaintiff should be permitted to proceed anonymously as Defendants will not be prejudiced in any way by proceeding against an anonymous party. "Other than the need to make redactions and take measures not to disclose plaintiff's identity, Defendants will not be hampered or inconvenienced merely by Plaintiff's anonymity in court papers." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006). Significantly, Defendants are already aware of Plaintiff's true identity. Thus, there is no doubt that Defendants will have an unobstructed opportunity to

conduct discovery, present their defenses and litigate this matter, regardless of whether Plaintiff identifies himself or proceeds anonymously. Accordingly, Plaintiff must be permitted to proceed anonymously in this action as revealing his name will cause significant prejudice to Plaintiff, while proceeding anonymously will not hinder Defendants in any way.

### D. There is a weak public interest in knowing Plaintiff's identity.

Plaintiff should also be permitted to proceed in this action anonymously as the public does not have a strong interest in knowing his identity. Considering the purely legal nature of the claims presented (i.e. Defendants violated Plaintiff's right to fair process in violation of Title IX and other federal and/or state law), there is a weak public interest in learning Plaintiff's identity as an individual. The public's interest in this matter would not be furthered by disclosing Plaintiff's identity, as his challenges to TAMU's biased and unfair investigatory process concerns a larger association than the interest of an individual plaintiff; it affects the male student population at TAMU as a whole. *See Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006). . Shielding Plaintiff's identity will not, in this case, meaningfully limit the public's ability to consider the important issues raised by this case. There is nothing about the Plaintiff's identity that makes it "critical to the working of justice to reveal those identities." *See, Jane Roes 1-2 v. SFBSC Mgmt.*, LLC, 77 F. Supp. 3d 990 (N.D. Cal. 2015).

While in the past, courts strongly disfavored allowing plaintiffs to proceed anonymously except in extreme circumstances, the nature of the Internet today is such that any plaintiff's identity is readily accessible via a simple online search; thus, courts must be willing to afford additional protective measures to avoid further damage to a plaintiff involved in a matter concerning such egregious and unfounded violations as the present one.

Further, there is no doubt that "cases stemming from investigations of sexual abuse on college and university campuses have garnered significant media attention, posing the risk of further reputational harm to both the plaintiffs in these cases and their accusers." *Doe v. Colgate Univ.,* No. 5:15-CV-1069 (LEK/DEP), 2016 WL 1448829, at *2 (N.D.N.Y. Apr. 12, 2016); s*ee also Doe v. Brown,* No. 15-144, 2016 WL 715794, at * 1 (D.R.I. Feb. 22, 2016) ("This case concerns an issue that has been the subject of increasing attention and controversy, particularly in academia, and which has garnered much recent media and scholarly commentary.")

Here, if Plaintiff were required to reveal his name, even if Plaintiff were to succeed on his claims against Defendants, the public's access to his identity would result in further damage to his future educational and career endeavors, resulting in additional mental, emotional and psychological harm, the very harms which he seeks to remedy in this action. As such, "protecting the anonymity of sexual assault victims and those accused of committing sexual assault can be an important safeguard to ensure that the due process rights of all parties are protected." *Doe v. Colgate Univ.,* No. 5:15-CV-1069 (LEK/DEP), 2016 WL 1448829, at *2 (N.D.N.Y. Apr. 12, 2016).

There is simply nothing about the status of the Plaintiff that would heighten any public interest beyond the normal public interest in any judicial proceedings sufficient to outweigh Plaintiff's right to privacy. Moreover, the public's knowledge will only be minimally restricted, as it will still know what is alleged to have occurred that resulted in charges of sexual misconduct being filed, as well as the flawed process by which the Defendants investigated and adjudicated those charges. Allowing Plaintiff to proceed anonymously will not significantly obstruct the public's interest in this matter. To the contrary, forcing Plaintiff to reveal his identity could have a potential chilling effect on other similarly situated future plaintiffs. Accordingly,

there is not a strong public interest in knowing Plaintiff's identity as an individual, as the issues presented to this Court concern a much greater population of potential plaintiffs.

Based on the foregoing, in consideration of the balancing of relevant factors, the Court should allow Plaintiff to employ a pseudonym in this matter. The interests of Defendants and/or the public will not be harmed at this early stage of the case if Plaintiff's name is not revealed. Plaintiff and his attorneys are prepared to address measures to protect the confidentiality of his identity should the Court require disclosure to the public at a later stage in the proceedings.

## CONCLUSION

For these reasons and such other reasons as may appear just to the Court, Plaintiff John Doe requests that his *Ex Parte* Motion to Proceed Under Pseudonym and for Protective Order be granted in its entirety.

**Dated: August 15, 2017**

**Respectfully submitted,**

/s/ Michelle Simpson Tuegel
Michelle Simpson Tuegel, Esq..
HUNT & TUEGEL, PLLC
P.O. Box 726
Waco, Texas 76703
ALICO Building, Suite 1208
425 Austin Avenue
Waco, Texas 76701
(254) 753-3738
Email: michellecriminaldefense@gmail.com

**-and-**

/s/ Andrew T. Miltenberg

Andrew T. Miltenberg, Esq. (*pro hac vice* pending)

Diana R. Warshow, Esq. (*pro hac vice* pending)
NESENOFF & MILTENBERG, LLP
363 Seventh Avenue, Fifth Floor
New York, New York 10001
(212) 736-4500
Email: Amiltenberg@nmllplaw.com

**ATTORNEYS FOR PLAINTIFF JOHN DOE**